ABRAM NELLIS, RESPONDENT, v. FRANK H. MUNSON, APPELLANT.

*A servitude is not an estate in land* — 1 R. S., 738, § 137.

A servitude is not an estate in lands within the meaning of section 137 of 1 Revised Statutes, 738, providing that every grant in fee, or of a freehold estate, not acknowledged or attested, shall not take effect as against a purchaser or incumbrancer until so acknowledged.

Right of one who has exercised an easement to enforce, against a purchaser of the servient tenement, with notice, specific performance of a defective grant of the easement, considered.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

Mrs. Swan being, in 1867, owner of certain land, by a sealed agreement with the plaintiff, conveyed to him the right to lay down a water pipe over the same. The agreement was not then witnessed or acknowledged, but it was acknowledged in March, 1868. After making this agreement, Mrs. Swan, in October, 1867, by an agreement, duly witnessed, contracted with one Snell to sell him this land, excepting therein the privilege given to the plaintiff. In November, 1867, she conveyed to Snell the land, by a warranty deed, without mentioning therein the easement of plaintiff. Snell took possession, under his contract, before he received the deed, and, while he owned the land, the plaintiff put in a water pipe, according to his easement. In January, 1869, Snell and wife conveyed the land to the defendant by warranty deed containing no mention of the easement. But the pipe had then been laid, and the defendant knew of that fact, and of plaintiff's easement, before

he purchased. This action is brought to restrain defendant's interference with the pipe, and the question is whether the plaintiff has the easement which he claims. The defendant insists that, because Mrs. Swan's agreement was not witnessed or acknowledged, it was void against Snell and against him, until the time when it was acknowledged. It was found by the court that it was not acknowledged until March 12, 1868. It was insisted upon by the defendant that it was acknowledged March 12, 1869.

*J. E. Dewey*, for the appellant.

*J. D. & F. F. Wendell*, for the respondent.

LEARNED, P. J.:

It is only a grant of an estate, either in fee or of a freehold less than a fee, which is required to be witnessed or acknowledged by 1 Revised Statutes (§ 137, m. p. 738). Nothing is said of estates for years or at will; nor is anything said of servitudes. A servitude is not an estate in lands. This may be seen by the use of the word estate in 1 Revised Statutes (chap. 1, m. p. 722), Blackstone's Commentaries (bk. 1, chap. 11, and bk. 2, m. p. 103), Kent's Commentaries (m. p. 401), 1 Washburn's Real Property (chap. 3). He who has an estate in land is rightfully spoken of as the owner. He may put the land (in the language of Mr. Austin) to uses which, though not unlimited, are yet indefinite.

On the other hand, a servitude (or easement) is a right which the owner of one estate, the dominant, has over another estate, the servient, which does not belong to him. (3 Kent's Com., m. p. 435.) "They are charges on one estate for the benefit of another." "They are the right of the owner of one parcel of land to use the land of another for a special purpose, not inconsistent with a general property in the owner." (2 Washb. Real Prop., m. p. 25.) They are rights *in alieno solo*, as distinguished from rights of ownership proper. (Digby Real Prop., 228.)

It is true that servitudes may be interests in land, and therefore may be within the statute of frauds, requiring a writing signed by the party granting the same. (2 R. S., m. p. 134, § 6.) But that is not the statute under consideration Leases for more than one

year are within the statute of frauds; but they do not create freehold estates, and therefore are not within the requirement that they must be witnessed or acknowledged. And even if we admit that a servitude must be founded on a grant or a prescription, still that does not show that it is an estate in land. Indeed, all the expressions on the subject constantly indicate that the servitude belongs to the owner of an estate in land, and is exercised over another estate; but it is not itself an estate. We see no reason, therefore, why the section in question should apply. Mrs. Swan's agreement, therefore, was not void against a purchaser. And as the defendant had actual, and perhaps also constructive notice of the servitude, he is bound thereby.

The defendant cites an expression in Blackstone, that a fee may be had in any kind of hereditaments, either corporeal or incorporeal. (2 Bl. Com., 106.) But if we turn back to page 21, we shall find that servitudes are not mentioned by Blackstone among incorporeal hereditaments. And without regard to that circumstance, it will be seen that Blackstone, speaking of incorporeal hereditaments, says that the owner has no property in the thing itself. But the present question is, what does the section refer to? And, to determine that, we may see that it is, in a title, " of the nature and quality of estates in real property, and the alienation thereof." And in an article, " of alienation by deed." The whole subject is of estates, and not of servitudes.

There is still another view. The agreement between Mrs. Swan and the plaintiff was acted upon by him. He took possession of the servitude granted to him, and expended money by putting down the water pipes. He was in a position, therefore, to enforce against her specific performance of her agreement. He could require the execution of a proper conveyance, if the one produced was not valid. The same rights which he had against her he would have against Snell and the defendant, who took their deeds with knowledge of the plaintiff's equity.

We think that the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.